IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BERNARD BRUCE PERTEE, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:19-CV-1331-L-BK |
| § | |
| DART AREA RAPID TRANSIT, ET AL., § | |
| DEFENDANTS. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Bernard Bruce Pertee's motion to proceed *in forma pauperis*, but did not issue process. Doc. 6. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

### I. BACKGROUND

On June 3, 2019, Pertee filed a *pro se* complaint against the "DART Area Rapid Transit" ("DART")[1] and various DART officials and employees: John Biley, Gary Thomas, James Dunn, Harold Humphrey, Chuck Wagner, and John and Jane Doe 1-5. Doc. 3 at 1. In his original and supplemental complaint, Pertee alleges: (1) violations of Title 2 of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, (2) conspiracy and equal protection violations under

---

[1] The complaint mistakenly refers to DART as the "DART Area Rapid Transit" instead of the "Dallas Area Rapid Transit."

42 U.S.C. § 1983, and (3) federal criminal law violations under 18 U.S.C. § 241.  Doc. 3 at 1-2; Doc. 10 at 1-3; *see also* Doc. 12 (*Answers to Magistrate Judge's Questionnaire*).

Pertee is legally blind and depends on public transportation for appointments and shopping.  Doc. 12 at 1.  He asserts that, on the evening of January 19, 2019, Defendant Biley, a DART bus driver, "violated his rights" and "held him against his will" when he failed to stop at Pertee's requested bus stop, where a family member was waiting to walk him home.  Doc. 12 at 2-3, 6; *see also* Doc. 3 at 2.  Pertee avers that Biley knew of his disability and "placed him in danger" by listening to music while operating the bus.  Doc. 12 at 6.  According to Pertee, Biley (1) ignored his request for a specific stop, (2) disregarded his repeated "plea[s] to be let off the bus," and (3) "attempted to let [Pertee] off five bus stops later in a known high crime dangerous area with no assistance getting home"  Doc. 12 at 2-3, 6.

Pertee contends the Defendants subsequently "engaged in a conspiracy after the fact to deny [him of] equal protection under the law."  Doc. 3 at 2.  He alleges the Defendants participated "in a willfully [sic] act . . . to loose [sic], destroy, misplace evidence requested by plaintiff," specifically audio/video tapes, in violation of DART rules.  Doc. 12 at 4.  Pertee requests compensatory and punitive damages.  Doc. 10 at 3; Doc. 12 at 6-10.

Upon review, Pertee's complaint lacks any legal basis and should be dismissed as frivolous and for failure to state a claim.

## II. ANALYSIS

Because Pertee is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune

from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Pertee's claims are frivolous and fail to state a claim.

**A. ADA claim**

Title II of the ADA prohibits discrimination against disabled individuals in public services. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001); 42 U.S.C. §12132. Assuming Pertee is disabled for purposes of the ADA due to his blindness, he does not plausibly allege disability discrimination. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("The well-pleaded facts" in the complaint must "permit the court to infer more than the mere possibility of misconduct."). Specifically, he fails to connect any of his allegations against the Defendants to his disability or the ADA. Indeed, his contentions, even when liberally construed, do not even rise to the level of "threadbare recitals" of the elements of an ADA cause of action. *See Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004). It is not sufficient to allege that a plaintiff was discriminated against and is disabled, rather than the plaintiff was discriminated against because he is disabled. Accordingly, Pertee's ADA claim fails because he alleges no facts that would plausibly suggest that a public entity discriminated against him

because of his disability. *See Grant v. Seabron*, 689 F. App'x 288, 290 (5th Cir. 2017) (per curiam) (dismissing ADA claim as frivolous and for failure to state claim).

### B. Conspiracy, Civil Rights and Federal Criminal Statute Violations

Pertee also sues for civil rights violations under 42 U.S.C. § 1983. However, his bare allegations of equal protection violations and being held against his will do not rise to the level of a constitutional violation. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law).

Moreover, insofar as Pertee attempts to sue Defendants for violating 18 U.S.C. § 241 (criminal conspiracy against rights), Doc. 10 at 2, federal criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Pertee has not even come close to meeting that burden.

Further, while Pertee mentions the word conspiracy in the complaint, Doc. 3 at 1, [a]llegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004). In his *Answers to the Questionnaire*, Pertee also fails to allege specific, nonconclusory facts that if proven, would establish there was an agreement among the defendants to violate his federal civil rights. Doc. 12 at 4; *see Montgomery v. Walton*, 759 Fed. Appx. 312, 314 (5th Cir. 2019) ("conclusory

4

allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983") (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1023–24 (5th Cir. 1982)).

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Pertee's claims are fatally infirm. In addition, the Court has already given Plaintiff an opportunity to supplement his complaint by his *Answers to Magistrate Judge's Questionnaire*. Doc. 12. Because he nevertheless failed to cure the infirmities identified herein, the Court concludes that he has already pled his best case and that granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on February 14, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).