IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERNARD BRUCE PERTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-1331-L** |
| | § | |
| DART AREA RAPID TRANSIT, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On February 14, 2020, United States Magistrate Judge Renée Toliver entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 13), recommending that the court dismiss with prejudice this action under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

Pro se Plaintiff Bernard Bruce Pertee ("Plaintiff" or "Mr. Pertee") brought this action against DART Area Rapid Transit ("DART") officials and employees, asserting the following claims: (1) violations of Title II of the American with Disabilities Act ("ADA") against DART; (2) conspiracy and equal protection violations under 42 U.S.C. § 1983 against DART officials and employees Gary Thomas, James Dunn, Harold Humphrey, and Chuck Wagner; and (3) violations of federal criminal laws under 18 U.S.C. § 241 against John Biley.[1]  Docs. 3 & 12.

As Magistrate Judge Toliver notes, Plaintiff is legally blind and depends on public transportation for his daily travel needs.  In his Complaint, he contends that one evening, Defendant John Biley ("Mr. Biley"), a DART bus driver, violated his rights and held him against his will when he refused to let him off at his designated bus stop, where a family member was waiting to

---

[1] Plaintiff also asserts claims against John and Jane Does 1-5, but does not specify which cases of action relate to each one. Instead, he contends that he will provide more information after discovery is conducted.  *See* Doc. 12, at 11.

**Order – Page 1**

walk him home.  He further asserts that Mr. Biley knew about this disability, and (1) placed him in danger by listening to music while driving the bus; (2) ignored his pleas to be let off the bus at his requested stop; and (3) attempted to let him off the bus five stops later in a known high-crime area, without the assistance he needed to get home.  Plaintiff further alleges that, after the incident, he submitted a statement to DART officials and requested video surveillance from the bus, at which time he was told that the surveillance on the bus did not work.  Plaintiff alleges that Defendants conspired against him to either lose, misplace, or destroy the video evidence.  Accordingly, he seeks compensatory and punitive damages.

With regard to Plaintiff's claims for violations of the ADA, Magistrate Judge Toliver recommends dismissal, as Mr. Pertee has "fails to connect any of his allegations against Defendants to his disability or the ADA." Report 3.  Specifically, she notes that Plaintiff fails to demonstrate that he was discriminated against *because* he is disabled but, instead, alleged that he was discriminated against *and* is disabled, which is insufficient to establish a claim for disability discrimination.[2]  Accordingly, she determined that Plaintiff's "ADA claim fails because he alleges no facts that would plausibly suggest that a public entity discriminated against him because of his disability." Report 3-4.

With regard to Plaintiff's claims for conspiracy, civil rights, and federal criminal statute violations, Magistrate Judge Toliver determined that these claims fail as well.  First, she determined that his conspiracy claims fail because he "fails to allege specific, nonconclusory facts that if prove[d], would establish there was an agreement among the defendants to violate his civil

---

[2] To establish a prima facie case of discrimination under the ADA, Plaintiff must demonstrate: "(1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability."  *See Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004).

Order – Page 2

rights." Report 4 (citing *Montgomery v. Walton*, 759 F. App'x 312, 314 (5th Cir. 2019)) (other citations omitted). Second, she determined that his claims for civil rights violations under Section 1983 also fail, as "his bare allegations of equal protection violations and being held against his will do not rise to the level of a constitutional violation." *Id.* (citation omitted). As for Plaintiff's claim for an alleged violation of 18 U.S.C. § 241, Magistrate Judge Toliver determined that Plaintiff has not shown that the relied-upon statute creates a private right of action, and, thus, this claim fails as well. *See id.* at 4 (citing *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979)) (other citation omitted). For these reasons, she recommends that Plaintiff's claims be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

Magistrate Judge Toliver also acknowledged that, generally, a pro se litigant is offered an opportunity to amend his complaint unless the court determines that the plaintiff has already "pleaded his 'best case.'" Report 5 (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). Here, she determined that Plaintiff's claims are "fatally infirm," and further notes that he was given an opportunity to supplement his Complaint in response to the Magistrate Judge's questionnaire but failed to cure the infirmities as noted in the Report. Accordingly, she concluded that Plaintiff has pleaded his best case and granting leave to amend would be futile and cause needless delay. This conclusion is reinforced by Mr. Pertee's statements in his Objections that indicate he believes he has pleaded his best case. Thus, for the reasons detailed in the Report, she recommends that this action be dismissed with prejudice.

On March 2, 2020, Plaintiff filed his Objections to the Report (Doc. 15). In his Objections, he asserts that he "fully detailed all of the facts in his Complaint," and that "[t]he facts clearly show[] how [his] rights were violated." Pl.'s Obj. 2. Thus, he contends that he should be allowed

to proceed and present his case to a jury. Plaintiff also requests that the court launch an inquiry into whether court staff has a conflict of interest by having a friend or family member associated or employed by DART, as he believes the Report does not support the facts presented.

Having reviewed the pleadings, file, record in this action, and the Report, and having conducted a de novo review of the Report to which objections were made, the court determines that the findings and conclusions of the Magistrate Judge are correct, and **accepts** them as those of the court. The court, therefore, determines that this action should be dismissed under 18 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. The court also agrees that allowing Plaintiff an opportunity to amend his Complaint would be futile and cause undue delay, as he admits that he has included all of the facts supporting his claims in the Complaint. For these reasons, the court **overrules** Plaintiff's Objections (Doc. 15), and **dismisses with prejudice** this action as frivolous and for failure to state a claim under 18 U.S.C. § 1915(e)(2)(B).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 29th day of May, 2020.

                                                       Sam A. Lindsay
                                                       United States District Judge

**Order – Page 5**